179 So.2d 416 (1965)
TAMPA PORT AUTHORITY, Appellant,
v.
O.F. DEEN, Jr., and Rachel B. Deen, his wife, et al., Appellees.
No. 6627.
District Court of Appeal of Florida. Second District.
October 8, 1965.
Rehearing Denied November 12, 1965.
*417 Byrne Litschgi and Thomas C. MacDonald, Jr., of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellant.
John P. Corcoran Jr., Tampa, for appellees.
ANDREWS, Judge.
The Tampa Port Authority, a public body, appeals an interlocutory order issued without notice upon the complaint of O.F. Deen, Jr., et al., restraining it from conducting a public hearing and from issuing a fill permit on certain submerged lands in Hillsborough County.
Tampa Port Authority was organized and exists as a public body pursuant to the provisions of Chapter 23338, Laws of Florida, 1945. It has title to and right of entry upon, the right to regulate the improvement of, and the right to sell any and all submerged land belonging to the State of Florida within its boundaries as directed in the Act, subject to the riparian rights of upland owners adjacent to said submerged lands.
In accordance with the provisions of the said Act, the Authority held a hearing on an application to fill certain lands on July 12, 1965. Owners of lands alleged to be upland owners of riparian rights to the subject lands protested, and the Authority declined to issue a permit by vote of three to two. The Chairman, who was voting in the majority, is alleged to have stated that he would vote to grant the permit if certain changes were made in the application, including the widening of the channel between the proposed fill and the land of the protesting landowners.
The application for the fill permit and notice of hearing thereon to be held on September 3, 1965 was published. The protesting alleged owners of upland rights and other landowners in the subdivision across the channel from the proposed fill, filed on August 23, 1965 a complaint for declaratory decree and a stay of proceedings. Before answer was filed, the matter came on for hearing on request of the plaintiffs to stay the public hearing by the Port Authority, and the granting of the requested fill permit.
The Court at an emergency hearing on August 31, 1965 entered the order here on appeal staying the Port Authority from holding a public hearing on September 3, 1965, and from granting a fill permit to the applicants pending further order of the court without bond. The complaint was sworn to by one of the plaintiffs, who is also the attorney for the plaintiffs, as true and correct to the best of his knowledge and belief.
The only evidence before the court was a copy of the letter from the attorney for the Port Authority to the attorney for *418 the plaintiffs to the effect that even if the Authority authorized the issuance of the requested fill permit, that the same would not be issued until five days after the hearing, thereby giving the plaintiffs an opportunity to take appropriate action after the Authority had conducted its hearing and taken action.
Three questions are presented for consideration by this Court. First, the authority of a circuit court to enjoin the Tampa Port Authority from consideration of a pending application for a fill permit; second, the sufficiency of the verification of the complaint to comply with the requirements of the statutes that complaints for injunctions without notice should be under oath; and third, the failure of the court to require the plaintiff to post an injunction bond, or require proof of inability to provide bond as required by § 64.03, F.S.A.
The courts of this State have been extremely reluctant to interfere with the action of administrative bodies in the proper performance of their responsibilities, and have done so only where there is a clear and unmistakable violation of constitutional and statutory rights of the affected parties. Mere allegations that an administrative agency might take actions which, if adopted, would be unlawful or ineffective constitute no ground for injunctive interference with the internal functioning of such agency. The actions of such agencies are to be tested by the actions which they actually take. Such actions, if invalid or are beyond the authority of such agency, can be tested in appropriate proceedings wherein it may be necessary for the court to determine the enforceability of such actions as the same may affect the rights of others. Odham v. Foremost Dairies, Inc., Fla. 1961, 128 So.2d 586, and Hernandez v. Board of Com'rs of Hillsborough County, 1934, 114 Fla. 219, 153 So. 790.
The facts before the court here are distinguishable from the holding in Deering v. Martin, 1928, 95 Fla. 224, 116 So. 54, in that the governmental body (in that case the Trustees of the Internal Improvement Fund) had already authorized and executed a deed to the subject property, the action sought to be set aside.
As to the second question, it has been repeatedly held by the courts of this State that the verification of a complaint necessary to form the basis of a temporary injunctive order must be direct and positive, and any averment on the basis of information and belief must be substantiated by affidavits of others with such direct and positive knowledge of the material averments. Kilgore Groves, Inc. v. Mayo, 1939, 136 Fla. 615, 187 So. 256. The verification of the complaint in this cause does not meet the requirements necessary to form the basis of a temporary injunction.
Thirdly, a court, upon issuing an injunction without notice, must in the absence of showing of inability to post bond by the applicant require an injunction bond sufficient to compensate the person or agency enjoined for damages it could sustain as a result of said injunction being improperly issued.
There being no showing of inability to post bond, the court was in error in not requiring a bond of the plaintiffs upon the issuance of the injunction. Belk's Department Store v. Scherman, Fla.App. 1960, 117 So.2d 845; Central Theatres, Inc. v. State ex rel. Braren, Fla.App. 1964, 161 So.2d 558.
Accordingly, the injunction order is reversed.
SMITH, Acting C.J., and STEPHENSON, GUNTER, Associate Judge, concur.