236 So.2d 162 (1970)
Robert J. MILITANA, Appellant,
v.
UNIVERSITY OF MIAMI, a Florida Corporation Not for Profit, Appellee.
No. 69-618.
District Court of Appeal of Florida, Third District.
June 2, 1970.
Rehearing Denied June 10, 1970.
*163 Bennett, Schwartz & Schwartz, Gainesville, for appellant.
Mershon, Sawyer, Johnston, Dunwody & Cole, and Thomas G. Schultz, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
By an amended complaint filed against the University of Miami on May 26, 1967, the appellant, a student in the university's school of medicine, alleged that he had successfully completed the courses and work prescribed and thereby had become entitled to be graduated by the university as a doctor of medicine, but that the university arbitrarily, capriciously and in bad faith had refused to issue to him a degree therefor. The prayer of the amended complaint was for a mandatory injunction to compel the defendant university to issue to the plaintiff a degree of doctor of medicine. The university defended on the ground that it had dismissed the plaintiff from the medical school at the end of his third year of enrollment for academic failure, and had taken like action for academic deficiency of the plaintiff following his fourth year in the medical school, which he had undertaken contrary to the desire of the university but by virtue of an order of mandamus, during the period of the university's appeal from the mandamus order which had resulted in its reversal. On final hearing the circuit court found for the defendant university and dismissed the cause, and thereupon the plaintiff took this appeal.
The opinion and judgment of the trial court, which sufficiently revealed the facts and in our view properly applied thereto the controlling legal principles, was as follows:
"This cause came on for final hearing before the Court, commencing on February 18, 1969, pursuant to notice thereof by the Court. The Court, having heard and considered the testimony and evidence adduced by the plaintiff and the defendant, the argument of counsel for both parties, and the defendant's memorandum of law, and being duly advised in the premises, finds and concludes as follows:
"1. Plaintiff Militana seeks the aid of this Court to direct and require defendant University to grant him a degree of Doctor of Medicine in recognition of his having satisfactorily completed the prescribed course for such a degree. Defendant contends that plaintiff failed to meet the academic standards required for a medical degree and dropped plaintiff from school without granting this degree.
"2. Plaintiff enrolled in the medical school of the University on September 10, 1959, and completed the first two years of study. In August 1963, on recommendation of the Executive Committee, he was dropped for academic failure of the third year. After the lapse of a year, plaintiff filed suit (not the instant case) petitioning the Court to mandamus the University to promote him to the fourth year of medicine, and the trial judge entered a peremptory writ granting this relief. In obedience to this order, plaintiff was admitted to the fourth year in the school of medicine. Appeal was instituted by the University, but the trial court refused to supersede the effect of its order; consequently, plaintiff remained in school throughout the duration of the appeal time. In March 1966, the District Court of Appeal reversed the trial court, but plaintiff had completed his senior year of studies before the Supreme Court had denied the petition for certiorari filed by the plaintiff (Fla., 192 So.2d 488, *164 September 1966). By letter, dated June 10, 1966, the University notified plaintiff that he was dropped from the medical school for academic failure of the fourth year.
"3. Plaintiff maintains he is entitled to his degree on primarily two grounds: (1) that he has not been accorded due process in not having had notice of the proposed action of the Executive Committee and an opportunity to appear before said Committee to defend against the charge of academic failure, and (2) that he has satisfactorily passed the academic requirements prescribed by the school.
"4. Notice of charges and an opportunity to be heard are certainly essential to due process and required when a student is dropped from school for disciplinary reasons; however, such is not required when the dismissal is for academic failure. See Woody v. Burns, [Fla. App. 1966] 188 So.2d 56. Plaintiff complains of unfair treatment when he had no notice of the meeting of the Executive Committee of the school of medicine considering his dismissal and was thus deprived of an opportunity to appear before this body and defend against this charge. The school is not required to give plaintiff this notice and owed no obligation to permit and allow plaintiff to appear before the Executive Committee and present matters in support of plaintiff's contention that he should not be dropped from the school enrollment for failure in his studies.
"5. On the question of determining whether a student has failed to meet the academic requirements of a school, there is a wide discretion permitted by school authorities, and courts will not interfere, unless the school authorities are shown to have acted in bad faith or exercised their discretion arbitrarily. Connelly v. University of Vermont and State Agr. Col., 244 F. Supp. 156 (D.C.D.Vt., 1965) sets forth this principle, which is followed by the courts:
`The effect of these decisions is to give the school authorities absolute discretion in determining whether a student has been delinquent in his studies, and to place the burden on the student of showing that his dismissal was motivated by arbitrariness, capriciousness or bad faith. The reason for this rule is that in matters of scholarship, the school authorities are uniquely qualified by training and experience to judge the qualifications of a student, and efficiency of instruction depends in no small degree upon the school faculty's freedom from interference from other noneducational tribunals. It is only when the school authorities abuse this discretion that a court may interfere with their decision to dismiss a student. `* * * A medical school must be the judge of the qualifications of its students to be granted a degree; Courts are not supposed to be learned in medicine and are not qualified to pass opinion as to the attainments of a student in medicine.'
"6. The plaintiff has failed to produce any evidence that the school acted in bad faith in its action in dropping him.
"7. Because the letter of dismissal, dated June 10, 1966, specified in the last paragraph:
`The decision was based primarily on a failure in one of the major courses of the fourth year curriculum.'
Plaintiff considers his dismissal predicated only for unsatisfactory fourth year work and that, therefore, all years prior to that were satisfactory. Plaintiff was attending school in this fourth year in compliance with an order of the trial court; this order was reversed by the Third District Court of Appeal in March 1966, but it was not until September 1966  after the fourth year had been completed  that the appellate procedures had been exhausted when the Supreme Court denied the certiorari filed by the plaintiff. It is quite understandable that the school, without overlooking or excusing its action taken in regard to plaintiff's academic work for the third *165 year, specified that the dismissal contained in the letter of June 10, 1966, only referred to the fourth year. Moreover, although the appellate decision ([Iowa Mutual Ins. Co. v. Gulf Heating & Refrigeration Co., Fla. App.] 184 So.2d 705) turned on the principle that mandamus is not available to require school authorities to exercise their discretion a particular way, it did not attempt to preempt the trial court's consideration and determination of the question of the failure, vel non, of plaintiff in his third year studies:
`By force of the trial court's judgment, which was not superseded on this appeal, the appellee has attended the medical school of the university as a fourth year student in this 1965-1966 session which is now drawing to a close. In so doing the appellee acted at his own risk, in the event the judgment he relied on should be reversed. This decision reversing the trial court's judgment leaves the university free to terminate appellee's student status in the medical school, but does not require or compel such action by the university in the event the medical school, on reviewing his grades for the present year and other relevant considerations, should choose to retain and promote him as a medical student.'
"It is the finding of this Court that the plaintiff did not satisfactorily complete his third year in obstetrics and gynecology and as a result thereof he was justifiably dismissed by the University. No testimony was offered by plaintiff at the trial explaining this unsatisfactory academic performance. The University has done nothing indicating its waiver of this academic deficiency and, therefore, should not be deprived of this part of the record to substantiate and support its dismissal of the plaintiff as a medical student. This Court, in any event, finds and concludes that the plaintiff failed to meet and pass all academic requirements for the satisfactory completion of his fourth year of studies at the defendant's school of medicine, and the defendant was justified in dismissing plaintiff on that basis alone.
"Virtually all testimony adduced by plaintiff supporting his contention that his work was satisfactory in the fourth year concerned the `clinical workups' of patients. It reflected a difference of opinion between the instructors of the University and plaintiff's witnesses, but to the Court this did not establish that the University authorities acted in a capricious, prejudicial, or arbitrary manner in its final judgment in deciding to discharge plaintiff for his failure to meet the academic standards. In considering the academic record of the plaintiff in his third and fourth years at the University, the instructors and administrative personnel acted properly in the exercise of the broad discretion permitted when they discharged the plaintiff for his failure to meet the academic requirements of the school and dropped him from the school's enrollment.
"It is thereupon
"Considered, Ordered, Adjudged and Decreed that final judgment be and the same is hereby entered in favor of the defendant, University of Miami, and against the plaintiff Robert J. Militana, and the plaintiff shall take nothing by this action against the defendant and his second amended complaint be and the same is hereby dismissed, with prejudice to the plaintiff, and the defendant shall go hence without day and recover of and from the plaintiff its costs expended in the above cause, to be taxed by further order of this Court upon motion of the defendant."
We find no need to add to the opinion and conclusions expressed in the foregoing final judgment as entered by the trial judge. Whereupon, no reversible error having been made to appear, the judgment appealed from is affirmed.
Affirmed.