336 So.2d 1219 (1976)
DUVAL COUNTY SCHOOL BOARD, a Body Corporate and Politic, Appellant,
v.
John ARMSTRONG, Appellee.
No. CC-164.
District Court of Appeal of Florida, First District.
August 19, 1976.
Rehearing Denied October 4, 1976.
Dawson A. McQuaig, Gen. Counsel, William Lee Allen, and Wesley L. Smith, Asst. Gen. Counsel, Jacksonville, for appellant.
William H. Maness, and Donald G. Nichols, of Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellee.
SMITH, Judge.
The Duval County School Board, in accordance with the Duval County Teacher *1220 Tenure Act,[1] instituted proceedings to discharge appellee Armstrong, a teacher in the Duval County school system, on nine written specifications of immoral conduct, unreasonable absence from his duties and refusal or inexcusable failure to discharge those duties. The Board gave Armstrong notice that the Board would conduct a hearing on a date thirteen days later. Before the scheduled hearing, indeed, before requesting any relief of the Board, Armstrong filed this action in the circuit court, setting up his property interest in continued employment and alleging that the Board has consistently denied to similarly situated teachers due process rights without which Armstrong cannot properly defend himself.[2] As a predicate for declaratory relief under § 86.021, F.S. 1975, Armstrong alleged his doubt concerning
"... whether he must submit to and participate in the noticed hearing without being afforded his pre-hearing due process rights or whether he has no such rights... ."
Considering only the complaint verified by Armstrong's attorney, and without evidence, the trial court entered an order temporarily enjoining the scheduled hearing, but permitted Armstrong's reassignment from a classroom situation. The court also denied the Board's motion to dismiss the complaint. The Board presents this interlocutory appeal from that order. Rule 4.2, F.A.R.
This is not a case in which the Board's constituency or jurisdiction to proceed is called in question, nor is it one in which there is doubt concerning application of statutory standards and proscriptions to the person affected. The case is therefore unlike Watson v. Centro Espanol De Tampa, 158 Fla. 796, 30 So.2d 288 (1947), relied on by Armstrong in defense of the circuit court order. The court appears to have enjoined the administrative process, without considering the merits, in order to preserve conditions as they are until the court has deliberated upon and declared the existence or nonexistence of the asserted rights which are described, some concretely, others abstractly, in the complaint. In this we believe the circuit court erred.
Armstrong unquestionably would be deprived of due process of law if he should be forced abruptly into a hearing without adequate opportunity to inspect the documentary evidence, interview witnesses or otherwise adequately prepare. In particular circumstances fairness will require that the Board recognize other procedural rights which the Teacher Tenure Act does not specifically accord teachers. But it is inappropriate for the circuit court, by means of declaratory decree and preliminary injunction, to intervene in the administrative process either to declare abstractly the rules that must in all events govern or to monitor the Board as the administrative process *1221 goes forward. The courts should not assume that administrative agencies will arbitrarily deny procedural remedies which are appropriate to the particular case. If, as Armstrong complains, the Board has consistently denied teachers appropriate procedural remedies during and in advance of discharge hearings, the teachers' remedy was to seek certiorari review in the circuit court pursuant to §§ 6 and 7 of the Act. Any necessity that the Board honor such rights as Armstrong demands and any prejudice that results from its failure to do so must be determined in the concrete circumstances of the case after the Board has acted. Neither injunction nor declaratory relief is appropriate for that purpose. Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla. 1961); Williams v. Howard, 329 So.2d 277 (Fla. 1976); Tampa Port Authority v. Deen, 179 So.2d 416 (Fla.App. 2d, 1965).
The order for injunction is reversed and the case is remanded with directions that the complaint be dismissed.
RAWLS, Acting C.J., and MILLS, J., concur.
NOTES
[1] Ch. 21197, § 5, Fla.Laws 1941, as amended.
[2] Armstrong alleges that his due process rights include but are "not limited to":

"(a) Notice-pleadings, including an opportunity to answer, deny or explain the written charges.
(b) That the teacher be furnished the names and addresses of witnesses against him or her.
(c) Reasonable opportunity to interview and/or take depositions of those witnesses so furnished, or others.
(d) Right to demand, obtain and review relevant documentary evidence.
(e) Right to appear and present preliminary Motions attacking the sufficiency of the charges, impartiality of the tribunal and/or other `pre-trial' Motions at least once before the hearing set for the taking of testimony.
(f) That the hearing be conducted at `reasonable hours' during a usual `working day' but not later than 10:00 o'clock P.M. except by unanimous consent of all affected parties and Board members.
(g) The right to insist that the Defendant Board use an impartial legal advisor either to prosecute the case or advise the Board and not use attorneys from the General Counsel's Office to do both.
(h) Or, in the alternative, that the Board use the services of an impartial `hearing examiner' with legal expertise to take testimony.
(i) And, that the requirement of a `ten day notice' be construed to commence after a reasonable time has been afforded for meaningful preparation for an evidentiary hearing."