345 So.2d 1109 (1977)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, etc., et al., Appellants,
v.
Edward ARTIS et al.
No. 76-2128.
District Court of Appeal of Florida, Fourth District.
May 20, 1977.
*1110 Mary E. Clark, Asst. Gen. Counsel, Dept. of Administration, Tallahassee, and Douglas E. Whitney, Dist. Gen. Counsel, Health and Rehabilitative Services, Winter Park, for appellants.
Andrew P. Mavrides, of Mavrides & Latimer and Alan H. Konigsburg, of Shamres & Konigsburg, Fort Lauderdale, for appellees.
LETTS, Judge.
The opinion issued April 7, 1977 is withdrawn.
This is an interlocutory appeal from a circuit judge's order granting a temporary injunction, and commanding the various appellants to reinstate certain security guards at the South Florida State Hospital. Said hospital is an institution caring for patients with mental disorders and those who have been committed to it by the criminal courts of the State of Florida.
We reverse.
The appellees are all career service employees on duty, at the said state hospital, to provide security. On or about September 17, 1976, the chief of security learned of a proposed "sick out" by the guards, and on the same day issued a memorandum to be read at all roll calls which informed all security personnel to refrain from such a "job-action" and to use existing channels of command to resolve problems or grievances. Apparently the memo was ignored by 22 out of 28 day shift personnel who did, in fact, commence a "sick out" (on the morning of September 19th, 1976), to bolster their demands for hazardous duty pay and a call for an investigation of the said chief of security.
Thereafter, on the same morning, the hospital administrators caused the unmanned security posts to be filled with deputies from the Broward County Sheriff's Department on an emergency basis, and the offending guards were either suspended, fired or later reinstated. Testimony by the district administrator, Kelley, was to the effect that the men were first given an hour to return to work, but in a painstaking and erudite order, the trial judge apparently concluded otherwise. The lower court, in granting the injunction said in part:
Testimony indicates some of the sixty (60) personnel were offered interviews, (which Defendants call hearings), some have never been heard, some have been officially notified of suspension and termination, some have never been notified officially of any action against them, some have at this writing valid doctor's excuses for their actions and remain suspended, and to summerize [sic], the Court finds the handling of the discipline of these personnel arbitrary, inconsistent, inconsiderate, irregular, unfair and intolerable. Although the Court has no sympathy with the methods employed by the security personnel to attempt to attain their desired additional "hazardous duty pay," the Court, nevertheless, must require the Department of Health and Rehabilitative Services to follow proper rules and regulations to accomplish its disciplinary measures.
A reading of the vast record on appeal does not suggest any reason to doubt these findings *1111 of fact by the honorable trial judge and, for instance, a memorandum from the Lt. Governor in June, which was required to be distributed to all personnel, remained unheard of by the guards involved in the "sick out" until after the unfortunate episode took place.
However, notwithstanding all of the foregoing, we disagree with the trial judge's finding which said:
The Court finds no adequate remedy exists for the Plaintiffs for the prompt reinstatement of their positions, which were arbitrarily taken from them. A lengthy appeal process is not an adequate remedy for those who must work every day to support themselves and their families.
We are in sympathy with all of the preceding language above quoted and have little doubt that the situation was mishandled by a combination of bureaucratic bungling and high handedness at the local level. Yet, we cannot support the trial judge's decision, for it does not appear to us to be the law.
Appellants contend that the injunction was improperly issued, as the necessary legal requirements were not present. The essential criteria for a temporary mandatory injunction have been enumerated by the Supreme Court in Wilson v. Sandstrom, 317 So.2d 732, 736, (Fla. 1975) viz. (1) irreparable harm, (2) a clear legal right, (3) inadequate remedy at law, and in some circumstances (4) consideration of the public interest. We conclude there was no irreparable harm and an adequate remedy existed, which conclusions make it unnecessary to discuss the remaining two criteria.
It is true that the guards have alleged that they would be irreparably injured because of loss of employment, unless appellants are enjoined from hiring new employees to do their jobs; however, there does not appear to be any evidence in the record showing how else the guards would be harmed, and loss of income is not enough. As appellants point out, there is a provision by statute for reinstatement of an employee with, or without, back pay, and for reasonable attorneys fees and expenses incurred during the prosecution of an appeal under Florida Statute § 110.061(3).
Although the Florida courts, apparently, have not directly ruled on the issue of the availability of injunctive relief, in cases involving loss of income, the Supreme Court of the United States has held that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 952, 39 L.Ed.2d 166 (1974). That case dealt with a similar situation in which a probationary federal employee was granted temporary injunctive relief from dismissal from employment by the district court pending an administrative appeal. The Supreme Court reversed, noting that
an insufficiency of savings or difficulties in immediately obtaining other employment  external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself  will not support a finding of irreparable injury, however severely they may affect a particular individual. 94 S.Ct. at 953 n. 68.
A comparable ruling was made in Connell v. Higginbotham, 305 F. Supp. 445 (M.D.Fla. 1969), in which denial of a temporary restraining order to prohibit dismissal of a teacher pending a determination of constitutional rights, was approved. The court there found that no irreparable harm would be suffered because any loss of wages could be compensated for by damages.
As to the presence of an adequate remedy, appellants contend that the opportunity to appeal to the Career Service Commission affords appellees a full hearing at which their legal rights can be determined. If in this proceeding it is found that appellees were wrongfully dismissed, the Commission has authority to reinstate appellees to their jobs with or without back pay and to order reimbursement for attorneys fees and costs. Florida Statute 110.061(3). The procedural safeguards of representation by counsel, the right to present an opening statement and testimony and to cross-examine witnesses *1112 are provided for by the Commission rules. Florida Administrative Code, Section 22A-10.06.
There does not seem to be a Florida case which states outright that an administrative remedy is an adequate remedy at law, and it has been suggested elsewhere that in order to bar equitable relief, there must be a remedy in a court of law. Michaels v. Macan Estates, 197 Misc. 485, 99 N.Y.S.2d 103 (Sup.Ct. 1950). However, in that case, contractual rights between a landlord and his tenant were at issue, and the administrative remedy available was merely an adjunctive one provided by the Federal government to aid tenants in dealing with their landlords. It was in no way mandatory upon them.
Obviously, where pursuit of an administrative remedy would be of no avail, there is no adequate remedy provided, and one is not required to follow that avenue for relief. Southern Bell Telephone and Telegraph Co. v. Mobile America Corp., Inc., 291 So.2d 199 (Fla. 1974). Moreover, where the continuance of an administrative proceeding and the plaintiff's right to participate in it are matters of grace, it cannot be said that his remedy is adequate. Dederick v. North American Co., 48 F. Supp. 410 (S.D.N.Y. 1943). However, in discussing the issue of administrative procedures constituting an adequate remedy at law, the Supreme Court of the United States has stated:
It is true that the presence of constitutional questions, coupled with a sufficient showing of inadequacy of prescribed administrative relief and of threatened or impending irreparable injury flowing from delay incident to following the prescribed procedure, has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention. But, without going into a detailed analysis of the decisions, this rule is not one of mere convenience or ready application. Where the intent of Congress is clear to require administrative determination, either to the exclusion of judicial action or in advance of it, a strong showing is required, both of inadequacy of the prescribed procedure and of impending harm, to permit short-circuiting the administrative process. Congress' commands for judicial restraint in this respect are not lightly to be disregarded. Aircraft Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 773, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796 (1947).
The Florida Legislature has established a procedure whereby career service employees can appeal a suspension or dismissal to the Career Service Commission. Fla. Stat. § 110.061 (1977). It has also provided that the decision of the Commission
... shall be reviewable only by the judiciary on the grounds that:
(a) The commission did not afford a fair and equitable hearing.
(b) The decision of the commission was not in accordance with existing statutes or rules and regulations promulgated thereunder.
(c) The decision of the commission was not based on substantial evidence. Id.

The Legislature's intent clearly was to require an administrative determination prior to any judicial review of the matter. In addition, it has been mandated by the Supreme Court that:
Where a method of appeal from an administrative ruling has been provided, such method must be followed to the exclusion of any other system of review. Where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. Florida Welding and Erection Service, Inc. v. American Mutual Insurance Company of Boston, 285 So.2d 386, 389-390 (Fla. 1973).
Since an administrative procedure has been created by the Legislature, which assures full protection of due process rights and offers complete relief, it must be considered to be an adequate remedy. Under the law applicable in Florida, this administrative remedy should be pursued prior to obtaining access to the courts.
*1113 As was said in Duval County School Board v. Armstrong, 336 So.2d 1219 (Fla. 1st D.C.A. 1976), the courts should not interfere in the administrative process which has been effected by law to resolve employment disputes. In Armstrong, the circuit court entered an order temporarily enjoining a dismissal hearing pending the court's determination of the plaintiffs' entitlement to specific due process rights at the hearing.
The appellate court reversed, saying
... it is inappropriate for the circuit court, by means of declaratory decree and preliminary injunction, to intervene in the administrative process either to declare abstractly the rules that must in all events govern or to monitor the Board as the administrative process. Id. at 1220.
This rule against intervention by the courts into the operations of administrative agencies was also discussed in Tampa Port Authority v. Deen, 179 So.2d 416 (Fla. 2nd D.C.A. 1965). In reversing an injunction precluding the Port Authority from considering an application for a fill permit, the court stated
The courts of this State have been extremely reluctant to interfere with the action of administrative bodies in the proper performance of their responsibilities, and have done so only where there is a clear and unmistakable violation of constitutional and statutory rights of the affected parties. Mere allegations that an administrative agency might take actions which, if adopted, would be unlawful or ineffective constitute no ground for injunctive interference with the internal functioning of such agency. The actions of such agencies are to be tested by the action which they actually take. Such actions, if invalid or are beyond the authority of such agency, can be tested in appropriate proceedings wherein it may be necessary for the court to determine the enforceability of such actions as the same may affect the rights of others. Id. at 418.
The complaint filed by these security guards indicates that they have, in fact, filed notice of their intention to appeal to the Career Service Commission, and we can see no good reason to suppose that the guards cannot adequately test both the procedural shortcomings, and the merits, of the suspensions and firings before said Commission. The State Career Service Commission has been created by the legislature expressly for this purpose, and we believe it should be permitted to so function in this case.
This cause is reversed and the injunction dissolved.
CROSS and ANSTEAD, JJ., concur.