SIMONS, STUART M., Associate Judge.
This is an appeal from a final judgment in which the trial court entered its order enjoining the appellant from taking certain action in regard to the appellee, who was the Chief of Police of the City of Melbourne, and who had been purportedly threatened with loss of his position by the City Council by means of certain processes which the appellee deemed to be violative of due process rights, and which would deprive him of due process. The trial judge further sought to outline the manner which any hearing should be conducted in regard to any firing of the appellee. The law is now well settled that judicial intervention in the administrative process by either declaring rules of procedure to be followed or monitoring the process as it goes forward is improper. The courts should not assume that administrative agencies will hold hearings which, upon review, will be ultimately found to be lacking requisite due process standards. Duval County School Board v. Armstrong, 336 So.2d 1219 (Fla. 1st DCA 1976).
In order to render injunctive relief there must be a showing of irreparable injury. A1A Mobile Home Park, Inc. v. Brevard County, 246 So.2d 126 (Fla. 4th DCA 1971). In the instant case, failure to subsequently afford the appellee due process is cognizable and may be remedied by further proceedings, after the hearing.
The judgments appealed from are reversed.
REVERSED.
ANSTEAD and BERANEK, JJ., concur.