384 So.2d 940 (1980)
Jack HARVEY and Enrique Monroy, Appellants,
v.
Nancy Kelley WITTENBERG, Secretary of the Florida Department of Professional Regulation, Appellee.
No. 80-774.
District Court of Appeal of Florida, Third District.
June 17, 1980.
Sams, Gerstein & Ward and Richard S. Rachlin, Miami, for appellants.
Deborah J. Miller, Tallahassee, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
BARKDULL, Judge.
Defendants in the trial court seek review of a temporary injunction issued after notice and the taking of testimony, following a complaint by the appellee (Wittenberg, as Secretary of the Department of Professional Regulation) that the appellants were engaged in the unlawful practice of dentistry. The only point urged on appeal is that it was necessary for the appellee to establish irreparable harm.
We affirm. The appellee is charged with the responsibility of enforcing Chapter 466, Florida Statutes (1979). Irreparable harm to members of the public (that which cannot be compensated adequately in money *941 damages[1]) is presumed in this case. This is so because the expressed purpose of Chapter 466, the Dentistry Practice Act, is to protect the public health, safety and welfare, and because the Legislature has specifically empowered the appellee to seek an injunction against one who violates the provision of this chapter. In this connection, see: Times Publishing Company v. Williams, 222 So.2d 470 (Fla. 2d DCA 1969), wherein the Second District Court of Appeal held that the element of irreparable harm was provided by the Legislature when it authorized the remedy of injunction to prevent the violation of a statute designed to protect the public interest. In said opinion, the following is found:
.....
"... Injunctive relief is an extraordinary remedy which issues only when justice requires and there is not adequate remedy at law, and when there is a real and imminent danger of irreparable injury. Statutory authority for such writs, as in the act before us, are not uncommon; but it must be remembered that such writs are in the first instance judicial writs. If such statutes purport to give the circuit courts injunctive power they are ineffectual, since those courts are otherwise vested with such powers under the constitution, § 6(3) Art. V Constitution of Florida; and if they purport to dictate to such courts when, how or under what conditions injunctions should issue they would constitute an unlawful legislative infringement on a judicial function.
"On the other hand, we cannot presume that the legislature employed useless language. So if the provision granting jurisdiction to the circuit courts to issue injunctions to enforce this act is to be given any legal effect, it must be said that it is the equivalent of a legislative declaration that a violation of the statutory mandate constitutes an irreparable public injury; and we are aware of no legal barrier to such a legislative proclamation concerning the subject matter of the act before us. The effect of such a declaration in a subsequent judicial proceeding, then, would be that one of the requisites for a writ of injunction need not be proven, i.e., an irreparable injury; and a mere showing that the statute has been or is clearly about to be violated fully satisfies such requirement." (emphasis added)
Notwithstanding the fact that the appellee was not required to introduce evidence as to the imminent harm to the public, it did in fact introduce such evidence of potential harm to the public generally, and therefore the issuance of the temporary injunction was without error. Times Publishing Company v. Williams, supra; State Board of Funeral Directors and Embalmers of Florida v. Evans, 256 So.2d 574 (Fla. 1st DCA 1972); Telophase Society of Florida, Inc. v. State Board of Funeral Directors and Embalmers, 308 So.2d 606 (Fla. 2d DCA 1975); United States v. Sene X Eleemosynary Corp. Inc., 479 F. Supp. 970 (S.D.Fla. 1979).
Therefore, for the reasons above stated, the temporary injunction here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] Teledyne Indus., Inc. v. Windmere Products, Inc., 433 F. Supp. 710 (S.D.Fla. 1977); Nuclear-Chicago Corp. v. Nuclear Data, Inc., 465 F.2d 428 (7th Cir.1972); State, Dept. of H.R.S. v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977).