GLICKSTEIN, Judge.
Appellee’s motion in the trial court for a writ of prohibition was denied, but the court ordered that appellant follow certain *816 procedural steps in conducting the hearing. Following the Board’s unsuccessful motion for rehearing, this appeal followed. We reverse.
The issue is whether the trial court erred in imposing conditions on the conduct of the hearing after denying the writ of prohibition. We conclude that it did. See English v. McCrary, 348 So.2d 293 (Fla.1977).
In denying the writ of prohibition, the trial court implicitly found that the Board had jurisdiction. Once jurisdiction was determined, no further action should have been taken, especially since it was not requested in the writ. Further, there is no indication that the supposed due process and procedural violations the trial court assumes will occur could not be remedied on appeal. City of Melbourne v. Cotron, 372 So.2d 944 (Fla. 4th DCA 1979), involved a similar situation. See, also, Odham v. Foremost Dairies, Inc., 128 So.2d 586, 592-93 (Fla.1961); and Section 162.11, Florida Statutes (1985) (providing for appellate review of final administrative orders). We have considered and reject all other arguments presented by appellee.
LETTS and DELL, JJ., concur.