ERVIN, Judge.
Appellant, the State of Florida, Department of Administration, Division of Retirement (Division), appeals a nonfinal order granting the motion for temporary injunction filed by appellee, Calhoun County. We reverse the injunction as it pertains to the periods between July 18, 1988 and November 17, 1988, and January 24, 1991 and February 23, 1991, because appellee failed to establish two of the four criteria necessary for obtaining a temporary injunction. The county admitted that it owes money to the Division for the above periods; consequently, there is no substantial likelihood of success on the merits of its claim as to those periods. Moreover, Section 218.-503(l)(b)(2)(b), Florida Statutes (1991), provides. an adequate remedy at law to the county. Because the county failed to show the unavailability of an adequate remedy at law or substantial likelihood of success on the merits, the injunction must be reversed for the periods between July 18, 1988 and November 17, 1988, and January 24, 1991 and February 23, 1991.[1] Appellant did not challenge the injunction with regard to any other periods of time.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and WEBSTER, JJ., concur.

. A moving party must establish each of the four criteria; it is not enough for the court to merely consider each. See, e.g., Graham v. Edwards, 472 So.2d 803 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla.1986); Reinhold Constr., Inc. v. City Council for the City of Vero Beach, 429 So.2d 699 (Fla. 4th DCA 1983); Department of Health & Rehab. Servs. v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977).