PER CURIAM.
The city charter of the City of Fernandina Beach specifies that the city manager serves at the pleasure of the city commission, but requires that the city manager be given notice and a hearing before removal. The charter does not specify how much notice must be given before the required hearing is held or what kind of hearing it must be.[1]
On May 2, 1995, the city commission considered a motion to remove Myers from his position as city manager. Documentation of the basis for the proposed removal was provided Myers on May 4, and hearing was set for May 5, 1995. Before the hearing, Myers obtained a temporary injunction, without notice to the city. The circuit court enjoined the city from holding the scheduled May 5 hearing; required the city to provide written notice of the specific charges; required the city to allow Myers twenty days after service of the specific charges to permit him to conduct discovery and file a written response; and enjoined the city from holding the hearing until the twenty days had expired. The circuit court reserved jurisdiction to modify or, enforce the injunction. The city filed a motion to dissolve the order granting temporary injunction. The circuit court modified the temporary injunction to delete the provision permitting Myers to conduct discovery, but reaffirmed the order in all other respects. The city appealed pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).
The city contends the criteria for issuing an injunction were not satisfied because: Myers failed to demonstrate a clear legal right to extra-charter procedures, inasmuch as he serves at the pleasure of the commission; other adequate remedies were available; and the public interest was not served by the circuit court’s interference with the proper functioning of the city eommission/city manager form of government. Ap-pellee argues he sought the injunction to preserve his right to a meaningful hearing on the alleged charges.
*1263 This ease is governed by the principle that courts should not assume agencies will hold inadequate hearings, and, accordingly, should not intervene in administrative processes by injunction to require that certain procedures be followed. Relying on Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla.1961), in Duval County School Board v. Armstrong, 336 So.2d 1219,1220-21 (Fla. 1st DCA 1976), cert, denied, 345 So.2d 420 (Fla.1977), this court determined it was inappropriate for the circuit court to intervene in the administrative process by injunction:
either to declare abstractly the rules that must in all events govern or to monitor the Board as the administrative process goes forward. The courts should not assume that administrative agencies will arbitrarily deny procedural remedies which are appropriate to the particular case.... Any necessity that the Board honor such rights as Armstrong demands and any prejudice that results from its failure to do so must be determined in the concrete circumstances of the case after the Board has acted. Neither injunction nor declaratory relief is appropriate for that purpose.
Accord City of Melbourne v. Cotron, 372 So.2d 944 (Fla. 4th DCA 1979), cert, denied, 383 So.2d 1192 (Fla.1980) (court reversed the grant of an injunction prohibiting the city from taking action to relieve the chief of police of his position). See also Code Enforcement Board v. Chefan, 504 So.2d 815 (Fla. 4th DCA 1987) (trial court erred in imposing conditions on conduct of hearing after denying writ of prohibition; “no indication that the supposed due process and procedural violations the trial court assumes will occur could not be remedied on appeal”).
The temporary injunction is quashed.
BOOTH, JOANOS and BENTON, JJ., concur.

. Section 25 of the city charter provides:
The city commission shall appoint a city manager ... and he shall hold office at the pleasure of the cfiy commission.
Section 28 of the city charter provides:
SUPERVISION; REMOVAL; HEARING REQUIRED The city manager shall be removable by the city commission; but if removed at any time after having served six months, he may demand written charges and a public hearing upon the same before the commission, and his final removal shall not take effect until such hearing has been held, but the commission may suspend him from office pending such hearing.