PER CURIAM.
We conclude that, as a matter of law, the sanctions — including a suspension of “rushing” — imposed by the University on the appellant fraternity by virtue of the letter of October 15, 1997 adversely affected its “substantial property, contract or other economic rights” and were based on an ex parte fact-finding process which was neither adequate nor fair. National Collegiate Athletic Ass’n v. Brinkworth, 680 So.2d 1081, 1084 (Fla. 3d DCA 1996), review denied, 690 So.2d 1299 (Fla.1997); Student Alpha ID no. Guja v. School Bd. of Volusia County, 616 So.2d 1011 (Fla. 5th DCA 1993); Rewolinski v. Fisher, 444 So.2d 54, 58 (Fla. 3d DCA 1984), review denied, 453 So.2d 43 (Fla.1984); Militana v. University of Miami, 236 So.2d 162 (Fla. 3d DCA 1970), cert. denied, 401 U.S. 962, 91 S.Ct. 970, 28 L.Ed.2d 245 (1971); see McCune v. Wilson, 237 So.2d 169 (Fla.1970), and cases cited; Suit v. Gilbert, 148 Fla. 31, 3 So.2d 729 (1941). The order below is therefore reversed and the cause is remanded with directions permanently to enjoin the efficacy and enforcement of those sanctions, without prejudice to the University’s institution and pursuit of properly conducted proceedings against the fraternity.
Reversed and remanded with directions.[1]

. This decision shall take effect and the injunc-tive order shall be entered below immediately, without regard to the filing or disposition of any motion for rehearing.