718 So.2d 910 (1998)
GAMMA PHI CHAPTER of Sigma Chi Fraternity and Gamma Phi Chapter of Sigma Chi Building Fund Corporation, Appellants,
v.
UNIVERSITY OF MIAMI, Appellee.
No. 98-425.
District Court of Appeal of Florida, Third District.
September 23, 1998.
Carlson & Bales and Curtis Carlson and Julie A. Moxley, Miami, for appellants.
Isicoff and Ragatz and Eric Isicoff and Teresa Ragatz, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
On this appeal from an order denying injunctive relief, we affirm. Accordingly, the *911 Stay previously entered in this case is hereby vacated.
In Gamma Phi Chapter v. University of Miami, 703 So.2d 497 (Fla. 3d DCA 1997), we held:
We conclude that, as a matter of law, the sanctionsincluding a suspension of "rushing"imposed by the University on the appellant fraternity by virtue of the letter of October 15, 1997 adversely affected its "substantial property, contract or other economic rights" and were based on an ex parte fact-finding process which was neither adequate nor fair.
We then directed:
The order below is therefore reversed and the cause is remanded with directions permanently to enjoin the efficacy and enforcement of those sanctions, without prejudice to the University's institution and pursuit of properly conducted proceedings against the fraternity.
Id.
On remand, the Vice President of Student Affairs appointed a panel of five members consisting of two students, two faculty members, and a volunteering attorney not employed by the University, to hear the case. After the school gave notice of its intent to proceed, the fraternity went back to circuit court in an attempt to enjoin the hearing. The University maintained that the procedure implemented was as provided in its Student Handbook. The fraternity argued that fraternity disciplinary matters had previously been decided by the Interfraternity Council and the instant action should likewise be decided by that Council.
We affirm the trial court's denial of injunctive relief. Like the court below, we deem it inappropriate to exercise our judicial power where there has not yet been an exhaustion of an available administrative remedy. See Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla.1961); See also Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978); Lambert v. Rogers, 454 So.2d 672 (Fla. 5th DCA 1984); Eastern Air Lines Inc. v. Hillsborough County Aviation Auth., 454 So.2d 1076 (Fla. 2d DCA 1984).
Accordingly, the order below is affirmed and the stay vacated.
NESBITT and LEVY, JJ., concur.
SCHWARTZ, Chief Judge, specially concurring.
Although I believe that the appellants' position may have substantial merit, see, e.g., Sult v. Gilbert, 148 Fla. 31, 3 So.2d 729 (1941); Trustees v. National Collegiate Athletic Ass'n, 82 Cal.App.3d 461, 147 Cal.Rptr. 187 (1978); Savage v. Macy's East, Inc., 719 So.2d 1208 (Fla. 3d DCA 1998), I agree that the issues they raise should and need not be decided unless and until the University's internal processes have run their course and the fraternity has been actually harmed. See National Collegiate Athletic Ass'n v. Brinkworth, 680 So.2d 1081 (Fla. 3d DCA 1996), review denied, 690 So.2d 1299 (Fla. 1997); City of Fernandina Beach v. Myers, 661 So.2d 1262 (Fla. 1st DCA 1995).