728 So.2d 360 (1999)
Mary DINEHART and Lisa Gorman, Appellants,
v.
TOWN OF PALM BEACH, Appellee.
No. 97-3161.
District Court of Appeal of Florida, Fourth District.
March 24, 1999.
Geoffrey B. Marks and Anne E. Zimet of Cole, White & Billbrough, P.A., Miami, for appellants.
Margaret L. Cooper of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee.
STONE, C.J.
We affirm a final summary judgment entered in favor of Appellee, Town of Palm Beach, based on Appellants' failure to exhaust their administrative remedies.
Appellants, Dinehart and Gorman, were both employed in the finance department of the town. In 1996, Appellants participated in an investigation of their supervisor. Ultimately, the town council decided not to terminate the supervisor. Appellants were subsequently transferred out of the finance department and into another department. As a result, Appellants sued the town alleging violations of the public Whistle-blower's Act.
The town made a motion for summary judgment arguing Appellants (1) failed to exhaust their administrative remedies, (2) did not suffer adverse employment action, and (3) were given the opportunity to transfer *361 back to their prior positions, which they refused. The trial court concluded the town was entitled to a judgment as a matter of law because the town had adopted an administrative procedure for handling whistle-blower claims by ordinance and Appellants failed to exhaust their administrative remedies as required by section 112.3187(8), Florida Statutes (1995). Appellants contend that the ordinance adopted by the town does not comply with the requirements of the act.
When a local government decides to establish an administrative procedure to handle whistle-blower complaints, Florida's Whistle-blower's Act requires that the procedure be adopted by ordinance and provide for the complaints to be heard "by a panel of impartial persons appointed by the appropriate local governmental authority." § 112.3187(8)(b), Fla. Stat. (1995). Whether the town's administrative procedure complies with the requirements of the act is a question of law. T.J.R. Holding Co. v. Alachua County, 617 So.2d 798, 800 (Fla. 1st DCA 1993).
Here, the ordinance includes a multi-step procedure. First, it provides for employees to discuss their grievance with their immediate supervisor unless the grievance involves a suspension, demotion, or discharge. Second, employees should submit their grievance to their department head. Third, employees may request the personnel director to investigate the grievance. The employee is entitled to request review by a designated grievance resolution board or administrative and personnel committee. The grievance resolution board is established by ordinance, which provides, in part:
Sec. 2-217. Grievance resolution board.
(a) There is hereby authorized and empowered for each properly grievable occurrence a grievance resolution board, which shall be composed of a chairman and two (2) other members. The first member shall be selected at random from the list of peer group representatives applicable to the employee grievant. If such person declines or is unavailable, another peer group representative shall be selected at random. The second member shall be selected by the employee grievant at his or her discretion from the list of employer representatives provided by the town. The town manager shall serve as the third representative as chairman.
The ordinance further provides that if a grievance involves a suspension, demotion, or discharge, employees are required to proceed directly to the grievance resolution board. Employees can also appeal decisions of the grievance resolution board to the administrative and personnel committee, which is established by the town council. The administrative and personnel committee submits its recommendation to the town counsel for action.
The Whistle-blower's Act gives very little guidance regarding the structure of the required administrative procedure, providing that the procedure "must provide for the complaint to be heard by a panel of impartial persons." This lack of explicit direction in the act suggests the legislature intended to leave the details of the procedure up to individual government entities so long as the adopted procedure provides for employee complaints to be heard by a panel of impartial persons and otherwise affords due process.
Appellants argue that the procedure would not have provided them with an impartial panel, is not explicit as to findings required, and provides for multiple steps. However, this grievance procedure gives an employee the option of having their complaint heard by the grievance resolution board or the administrative and personnel committee. The first member of the grievance board is chosen at random, the second member is chosen by the employee from a list of employees trained in the grievance procedure, and the third member is the town manager. Although the procedure does not guarantee an impartial panel, the town's grievance procedure sufficiently complies with the requirements of the act.
Section 112.3187(8)(b), Florida Statutes (1995), provides, in part:
Within 60 days after the action prohibited by this section, any local public employee protected by this section may file a complaint with the appropriate local government authority, if that authority has established *362 by ordinance an administrative procedure.... Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local government authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction.
Although the act states employees "may file a complaint with the appropriate government authority," the act also provides that public employees are only entitled to bring a civil action "after entry of a final decision by the local government authority" if the local governmental authority has adopted an administrative procedure to deal with whistle-blower complaints. Clearly, public employees are only entitled to bring a civil action without having first filed a complaint with the appropriate governmental authority where the local governmental authority has not adopted an administrative procedure.
We therefore concur in the trial court's conclusion that Appellants have failed to exhaust administrative remedies. Under the statute, the trial court lacks jurisdiction. § 112.3187(8)(b), Fla. Stat. (1995); see, e.g., City of Miami v. Del Rio, 723 So.2d 299 (Fla. 3d DCA 1998). Further, even if exhaustion is not deemed jurisdictional under the act, the judicially recognized principle of deference to the administrative process, here the local government administrative procedure, is applicable. By the exercise of deference, the town is afforded the opportunity to further develop the factual record or to exercise its discretion favorably to Appellants and to assure that the town's discretion is exercised on a full record. The result benefits judicial policy and efficiency. See, e.g., State, Dep't of Health & Rehabilitative Servs. v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977); Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla. 1961); Gamma Phi Chapter of Sigma Chi Fraternity v. University of Miami, 718 So.2d 910 (Fla. 3d DCA 1998); State, Dep't of Revenue v. Brock, 576 So.2d 848 (Fla. 1st DCA), rev. denied, 584 So.2d 997 (Fla.1991). We note that Appellants have not satisfied the several exceptions to the exhaustion requirement. See Bankers Ins. Co. v. Florida Residential Property & Cas. Joint Under-writing Ass'n, 689 So.2d 1127 (Fla. 1st DCA 1997). Appellants do not dispute that they did not exhaust their administrative remedies, instead attacking the adequacy and flaws of the remedy available under the town's ordinance. Their conclusions that they cannot get a fair hearing and that the ordinance does not comply with the act are without merit.
Additionally, unlike the circumstances in Ujcic v. City of Apopka, 581 So.2d 218 (Fla. 5th DCA 1991), relied on by Appellants, the town ordinance and procedure established by Appellee to review grievances is not illusory.
We also reject Appellants' attack on the town's ordinance as not mandating findings. Section 112.3187(8)(b) provides that the local panel must make findings for a final decision by the local governmental authority. First, we note that Appellants failed to raise this issue until their reply brief. In any event, the record reflects that the town code does provide for findings by the committee to be submitted to the town council. We also note that the statute mandates findings be made and not that the enabling ordinance specify the same.
We also conclude that the trial court did not err when it determined there was no issue of fact whether Appellants were "employees" within the meaning of the ordinance. As to all other issues raised, we also affirm as either not reversible error or as moot. We recognize that this opinion should not be construed as precluding Appellants' initiating administrative proceedings at this time.
GUNTHER and WARNER, JJ., concur.