927 So.2d 91 (2006)
Stephen KARLAN, Appellant,
v.
The FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES, Appellee.
No. 3D04-3073.
District Court of Appeal of Florida, Third District.
April 12, 2006.
*92 Stephen Karlan, in proper person.
Hinshaw & Culbertson and Karen A. Brimmer, Miami, for appellee.
Before FLETCHER, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Stephen Karlan ("Karlan") appeals his dismissal from Florida International University's ("University") master social work program upon receiving a failing grade in a field practicum course. We affirm.
Karlan was evaluated at the end of the course by his field instructor, Sandra Curtis. After receiving his failing grade and dismissal from the program, Karlan was granted two administrative appeals which resulted in affirmance of both the grade and his dismissal.
"On the question of determining whether a student has failed to meet the academic requirements of a school, there is a wide discretion permitted by school authorities, and courts will not interfere, unless the school authorities are shown to have acted in bad faith or exercised their discretion arbitrarily." Militana v. Univ. of Miami, 236 So.2d 162, 164 (Fla. 3d DCA 1970).
Karlan argues that the University acted in bad faith, thus constituting a denial of due process. This argument is based upon Karlan's claim that the dean of the School of Social Work and one of the members on the Student Review and Termination Committee were biased against him. There is, however, no record support for this claim, as all of the evidence Karlan relies upon is contained in Karlan's supplemental record, which has been stricken by this court.
Our review of the record reflects that in evaluating Karlan's performance, his field instructor indicated that Karlan "need[ed] improvement" in ten out of thirty-eight areas evaluated, and that the "comment" section of the evaluation noted that Karlan had difficulties with his staff and his clients at the agency where he did his field practicum; that he appeared not to recognize the need to improve his professional performance; and that his clients were dissatisfied with his performance and demeanor and did not wish to participate in additional therapy sessions with him. Thus, the record demonstrates that the University did not exercise its discretion arbitrarily by issuing Karlan a failing grade and dismissing him from its masters program.
Affirmed.