550 So.2d 1149 (1989)
Benjamin R. METSCH, Appellant,
v.
UNIVERSITY OF FLORIDA, Appellee.
No. 89-1251.
District Court of Appeal of Florida, Third District.
September 19, 1989.
Lawrence R. Metsch, Miami, for appellant.
Barbara C. Wingo, Gainesville, Associate Gen. Counsel, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
Benjamin Metsch appeals from an order of the University of Florida denying his request for an administrative hearing following his unsuccessful application for admission to the University of Florida College of Law. We affirm.
Benjamin Metsch, while a student at Columbia University, applied for admission to the fall 1989 entering class of the University of Florida College of Law. Metsch was denied automatic admission based upon a computer projection of his law school grades derived from his undergraduate grade point average and his Law School Admissions Test score. Metsch was then placed in the "hold" category, and his application was reviewed by the Faculty Admissions Committee. In April, 1989, Metsch received a letter from the University informing him that he had not been admitted. The following month, Metsch wrote to the law school and requested a statement of the reasons for the denial of his application, reconsideration of his application, and a hearing pursuant to section 120.57(1), Florida Statutes (1987). In his request for a hearing, Metsch alleged that his "substantial *1150 interests" had been determined by the University, a state agency. The University reconsidered his application and, by letter, affirmed and explained the denial of admission,[1] described the admissions process and suggested that he reapply for admission to the spring 1990 semester. On May 10, 1989, the University's Interim President denied Metsch's request for an administrative hearing. Metsch appeals that denial.
The formal hearing provisions of the Florida Administrative Procedure Act, section 120.57(1), Florida Statutes (1987), "apply in all proceedings in which the substantial interests of a party are determined by an agency, unless such proceedings are exempt pursuant to subsection (5)." The exemption, section 120.57(5) states that "this section does not apply to any proceeding in which the substantial interests of a student are determined by the State University System... ." Metsch argues that his substantial interests were determined by the University's denial of his application for admission and that, because he was not a "student" in the State University System, subsection (5) does not apply to him. We find both arguments without merit.
The second district has established a test for ascertaining whether a substantial interest has been determined: "[W]e believe that before one can be considered to have a substantial interest in the outcome of the proceeding he must show 1) that he will suffer injury in fact which is of immediate sufficiency to entitle him to a section 120.57 hearing, and 2) that his substantial injury is of a type or nature which the proceeding is designed to protect." Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), rev. denied sub nom. Freeport Sulphur Co. v. Agrico Chemical Co., 415 So.2d 1359 (Fla. 1982), and Sulphur Terminals Co. v. Agrico Chemical Co., 415 So.2d 1361 (Fla. 1982).[2]
In his request for an administrative hearing, Metsch alleged no injury and specified no interest other than his "sincere desire to study law at the University of Florida College of Law and to become a practicing member of The Florida Bar."[3] Obviously Metsch has an interest, as that term is ordinarily used, in admission to the University's College of Law; however, his "sincere desire to study law" at that institution does not rise to the level of a "substantial interest" within the meaning of section 120.57(1). In our view, Metsch's interest can best be described as a hope or a "`unilateral expectation' of admittance." Ramos v. Texas Tech Univ., 441 F. Supp. 1050, 1054 (N.D.Tex. 1977) (applicant for admission to graduate program had no liberty or property interest in being admitted), aff'd, 566 F.2d 573 (5th Cir.1978).[4]See also Beheshtitabar v. Florida State University, 432 So.2d 166 (Fla. 1st DCA 1983) (student requesting readmission to doctoral program in economics at Florida State University did not have substantial interest in readmission determination and was thus not entitled to an administrative hearing pursuant to section 120.57(1)), rev. denied, 444 So.2d 416 (Fla. 1984). If such hopes and aspirations were deemed substantial interests, all unsuccessful applicants for admission to a state university would be *1151 entitled to a formal hearing upon the denial of their applications. While this scenario is not the basis for our denial of Metsch's claim, we cannot ignore the repercussions that would flow from granting the relief which he seeks.
Even if the University's action determined Metsch's substantial interests, section 120.57(5) exempts from formal administrative proceedings "any proceeding in which the substantial interests of a student are determined by the State University System." Metsch's argument that this section does not preclude granting him an administrative hearing flies in the face of reason. Under his interpretation of this section, students, including those students who are also applicants, are not entitled to formal administrative hearings while applicants who are not students are entitled to such proceedings upon denial of their applications. This skewed interpretation ascribes greater rights to those who clearly have lesser interests.[5] We will not read the Florida Administrative Procedure Act to allow such a result.
Affirmed.
NOTES
[1] The letter stated in part that out of 900 files placed in the "hold" category only 163 candidates received offers of admission based upon the Admission Committee's evaluation of "the application, all academic transcripts, personal statement, evaluative letters, and any other data present in the file." The Admissions Committee concluded that "[t]here were too many candidates who in the judgment of the Committee, presented a more competitive file and ranking higher than yours."
[2] Exactly what relief a hearing officer could provide Metsch is unclear.
[3] Metsch's request for a statement of reasons for the denial of his application for admission as well as statements made by his counsel during oral argument reveal a nascent claim against the University for reverse discrimination. If that is indeed the "substantial injury" he claims to have suffered, he may bring a claim in state or federal court for violation of his civil rights.
[4] We recognize that Metsch, unlike the plaintiff in Ramos, raises no claims here regarding any deprivation of due process but travels instead on a claim under the Florida Administrative Procedure Act. However, Ramos is illustrative of the issues here.
[5] Likewise, we reject Metsch's argument that he became a "party" within the meaning of section 120.52(12) merely by applying for admission and, upon being denied admission, seeking reconsideration of his application pursuant to the rules promulgated by the Board of Regents, section 6C-6.003, Florida Administrative Code.