PER CURIAM.
In this appeal, Douglas Charity (hereafter petitioner, or appellant) seeks reversal of a final order of the Division of Administrative Hearings rendered in a rule challenge proceeding pursuant to section 120.54(4), Florida *464 Statutes. The order declares valid proposed rule 6C2-5.0021 promulgated by The Florida State University (hereafter University, or ap-pellee). We affirm.
The parties stipulated in the proceeding below to certain facts which the hearing officer incorporated into his final order. For the most part, these facts deal with the communications and discussions between various deans and other officials of the University, including its general counsel, concerning the review and possible repeal or revision of the University’s Rule 6C2-5, Florida Administrative Code, entitled “Academic Matters.” As stated by the hearing officer in his order, proposed rule 6C2-5.0021 repeals some of the current rules in Chapter 6C2-5, which rules contain University curricula, and other rules pertaining to admission and readmission requirements and procedures, graduation and retention requirements, and other matters. The proposed rule additionally provides for incorporation by reference of University catalogs, bulletins, and other publications specifically identified in the proposed rule.[1] According to the language of the proposed rule, these publications “establish, contain or prescribe various academic and curriculum matters that include admission and degree requirements, course offerings, fields of study, academic calendars, facilities available to students, faculty and staff of the University, and other matters of educational delivery... ,”[2]
Upon consideration and review of the facts as stipulated and the evidence presented below, which consisted of documentary exhibits and published materials, together with the testimony of the petitioner, the hearing officer found that the petitioner had faded to establish that the proposed rule constituted an invalid exercise of delegated legislative authority as the term is defined in section 120.52(8)(a)-(e), inclusive, Florida Statutes.[3] The final order contains an analysis and discussion of the proposed rule in the light of each factor included within the statutory definition, and appellant has failed to demonstrate any error in the hearing officer’s conclusions. We therefore affirm without further discussion the findings and conclusions of the hearing officer concerning the validity of the rule.
We note, however, as found by the hearing officer, that petitioner’s primary concern expressed in his testimony below appears to be focused on his contention that the University currently employs policies that are not contained in the documents incorporated within the proposed rule. We agree with the further conclusion of the hearing officer that such concerns do not provide grounds upon which to invalidate the proposed rule in this proceeding. The extent to which this (or other practices about which petitioner, as a student or former student, might complain) would afford grounds for relief under other provisions of Chapter 120, Florida Statutes, is not before us in this appeal. We express no opinion regarding the availability of other remedies, except to note that the provisions of section 120.57 do not apply “to any proceeding in which the substantial interests of a student are determined by the State University System.” Subsection 120.57(5)(a), Florida Statutes. See Metsch v. University of Florida, 550 So.2d 1149 (Fla. 3rd DCA 1989) (applicant denied admission to law school was not entitled to administrative hearing under section 120.57(1), Florida Statutes).
One additional aspect of the final order merits our consideration. Under the heading “Conclusions of Law,” the hearing officer, in paragraph 21 of the order, states, in part:
*465 Since the subject matter of proposed rule 6C2-5.0021 would appear to be encompassed within the boundaries of curriculum identified in Hazelwood,[4] the various publications set forth in the rule qualify for exemption from rule making pursuant to Section 120.52(16)(c)5., Florida Statutes.
Petitioner devotes virtually his entire argument on appeal to an attack upon the correctness of this portion of the order. Clearly, as petitioner argues on appeal, if the proposed rule encompasses matters beyond the scope of “curriculum,” which is exempt from rulemaking under section 120.52(16)(c)5., it follows that, to the extent the University is required by law to adopt rules governing its operation and administration, the University must comply with the rulemaking procedures of section 120.54.[5] We find it unnecessary to address this portion of the order other than to note that, if the hearing officer had concluded that the subject matter of the proposed rule was exempt from rulemaking, the denial of the petition would have been based on that ground. That the hearing officer did not base his order on this ground is evident from the extensive findings and conclusions justifying his decision on the merits. Because these findings and conclusions provide a correct and independent basis for the decision reached by the hearing officer, the inclusion in the order of an erroneous reason or rule for the same result would not be grounds for reversal. See Springfield v. Dep’t of Envtl. Protection, 648 So.2d 802, 804 (Fla. 1st DCA 1994) (“the law is so well settled as to require no citation of authority to the effect that a correct result or judgment, though based on an erroneous reason or rule, requires affir-mance on appeal”), quoting from Jones v. Dove, 300 So.2d 758, 758-59 (Fla. 1st DCA 1974) (on rehearing).
We also observe that, in the context of the proceedings before us, the discussion in petitioner’s brief concerning what is or is not embraced within the term “curricula” is irrelevant. This is so because the proposed rule does not, as petitioner urges, “exempt” matters other than curricula from rulemaking. To the contrary, the rule clearly specifies that academic and curriculum matters that include “admission and degree requirements, course offerings, fields of study, academic calendars, facilities available to students, faculty and staff of the University, and other matters of educational delivery ...,” are contained in existing catalogs, bulletins, application forms and instructions promulgated by the University, all of which are specifically listed, identified, and incorporated by reference in the proposed rule.
Petitioner presents no legal argument or authority on appeal indicating that the proposed rule contravenes or exceeds the authority conferred by section 120.54(8), Florida statutes, which provides in part for incorporation of material by reference. We find no evidence in the record of the proceedings below, other than petitioner’s own opinion, that this method of informing students and prospective students is inadequate to provide fair notice of the University’s procedures, policies and standards concerning the matters referred to in the proposed rule.[6] It is also significant that the present dispute does not concern the interpretation or application of any specific provision of any of the University’s publications incorporated by the proposed rule.
*466 Agencies are accorded wide deference in the exercise of lawful rulemaking authority which is clearly conferred or fairly implied and consistent with the agency’s general statutory duties. Agrico Chemical Co. v. State, 365 So.2d 759 (Fla. 1st DCA1978), cert. den., 376 So.2d 74 (Fla.1979). Section 240.227(1), Florida Statutes, cited by both parties as the statutory authority for the rule in question, imposes duties upon and confers authority to the University, through its president, in the broadest possible terms. The challenger’s burden to demonstrate an invalid exercise of delegated legislative authority “is a stringent one indeed.” Agrico, 365 So.2d at 763.
Finding no reversible error in the order adjudicating the validity of the challenged rule, we AFFIRM.
BARFIELD and KAHN, JJ., and SMITH, Senior Judge, concur.

. Section 120.54(8), Florida Statutes, provides in part:
Pursuant to rule of the Department of State, a rule may incorporate material by reference but only as such material exists on the date the rule is adopted.

. The proposed rule contains provisions giving precedence to rules published in the Florida Administrative Code where such rules are in conflict with the content of the incorporated publications. The rule also provides that the various publications shall have prospective effect only, and that material changes to the content of any incorporated document will be noted by supplemental amendments to the rule.

.Both the University of Florida and the University of South Florida have adopted rules similar to the Florida State University’s proposed rule 6C2-5.0021. See Rules 6C1-7.051, and 6C4-1.005, F.A.C.

. Hazelwood School District v. Kuhlmeier, 484 U.S. 260, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988).

. Section 240.227(1), Florida Statutes provides in pertinent part that each University president shall:
Develop and adopt rules governing the operation and administration of the University. Such rules shall be consistent with the admission of the university and statewide rules and policies and shall assist in the development of the University in a manner which will complement the admissions and activities of the other universities for the overall purpose of achiev-mg the highest quality of education for the citizens of the state.

. See section 120.535(l)(b), Florida Statutes, providing, in part, that rulemaking shall be presumed practicable "to the extent necessary to provide fair notice to affected persons of relevant agency procedures and applicable principles, criteria or standards for agency decisions ...,” unless the agency proves that detail or precision is not reasonable under the circumstances, or that a more specific resolution of the matter is impractical outside of adjudication.